USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/24/2023

23UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIAN JAMES,

                Plaintiff,

-against-

ARRESTING OFFICER ID#963608;
ARRESTING OFFICER ID #900544,

                Defendants.

1:23-cv-4064-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is currently incarcerated at Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that on August 18, 2020, Defendants arrested him without probable cause in retaliation for his having filed an earlier civil rights action. By order dated May 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## DISCUSSION

### A.  Identifying Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Police Department (NYPD) to identify the true names of Defendants John Doe Officer #963608 and John Doe Officer #900544, with the NYPD's 44th Precinct.

    It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity of each John Doe whom Plaintiff seeks to sue

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

here and the address where the defendant may be served. The New York City Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

**B.      Referral to New York Legal Assistance Group**

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group (NYLAG); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant, which may take up to two weeks. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Clerk of Court is directed to mail to Plaintiff (1) an information package, (2) an Amended Civil Rights Complaint form, and (3) the NYLAG Clinic's flyer, retainer, and intake form.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 24, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3