UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Julian James,

                Plaintiff,

-against-

Arresting Officer Id #963608, NYPD (44th Precinct), et al.

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2023

1:23-cv-04064 (GHW) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

The Court is in receipt of Plaintiff's multiple letters filed to the ECF docket. (*See* 6/1/23 First Ltr., ECF No. 8; 6/1/23 Second Ltr., ECF No. 9; 6/1/23 Third Ltr., ECF No. 10; 6/30/23 Ltr., ECF No. 12; 6/23/23 Ltr., ECF No. 13; 8/3/23 Ltr., ECF No. 16; 8/21/23 Ltr., ECF No. 21; 10/12/23, ECF No. 27.) To the extent Plaintiff raises in these letters incidents that occurred after the alleged false arrest on August 18, 2020, upon which Plaintiff's Second Amended Complaint is based (*see* SAC, ECF No. 20), those incidents are beyond the scope of this action. Any claims based upon such incidents must be brought in a separate lawsuit. *See Hollander v. Copacabana Nightclub*, 580 F. Supp. 2d 335, 343 (S.D.N.Y. 2008), *aff'd*, 624 F.3d 30 (2d Cir. 2010) (refusing to consider essay exhibits that were irrelevant to the case, noting that "any claim . . . in relation to the submission of those essays is beyond the scope of this action."); *Thayer v. Dial Indus. Sales, Inc.*, 189 F. Supp. 2d 81, 92 (S.D.N.Y. 2002) (not considering plaintiff's request for contract damages where claims were "beyond the scope of the instant dispute"). The instant action is limited to Plaintiff's claims arising from the alleged false arrest on August 18, 2020.

**SO ORDERED.**

Dated: New York, New York
October 23, 2023

_____
STEWART D. AARON
United States Magistrate Judge